NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3415

_____

ROY BORDAMONTE,
                              Appellant
v.

HECTOR LORA, Individually and in their official capacities; LUIS GUZMAN,
Individually and in their official capacities; GARY SCHAER, Individually and in their
official capacities; ALEX BLANCO, Individually and in their official capacities; RALPH
DANNA, Individually and in their official capacities; CARLOS FIGUEROA; CITY OF
PASSAIC, a Municipal Corporation

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-02642)
District Judge: Honorable William J. Martini

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 27, 2021

Before: AMBRO, KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: September 30, 2021)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, <u>Circuit Judge</u>

Roy Bordamonte, a police officer with the City of Passaic, sued the City and six of its officials and employees alleging that he suffered unlawful retaliation at work for supporting the losing candidate in the City's mayoral election. The District Court granted summary judgment in favor of the Defendants on all counts and dismissed the case with prejudice. For the reasons explained below, we affirm the District Court's decision.

I.

Bordamonte was a member of the City's Police Department from 1994 until his retirement as a Sergeant in 2019. Between 2015 and 2016, he was the Commanding Officer of its Quality of Life ("QOL") Unit. In the fall of 2016, defendant Alex Blanco, the City's then-mayor, pleaded guilty to federal bribery charges and later resigned. Around the same time, defendant Luis Guzman became the Police Chief. Guzman disbanded the QOL Unit and transferred the officers in it, including Bordamonte. At his request, he began a night shift under the command of defendant Ralph Danna. In this new role, Bordamonte alleges that Danna harassed and mistreated him, including by interfering with his use of vacation days.

Bordamonte contends that all these actions—the dissolution of the QOL Unit, his transfer to the patrol shift, and Danna's mistreatment of him—were in retaliation for his support of Richard Diaz for mayor, who lost the race to defendant Hector Lora.[1] He sued

---

[1] Bordamonte also contends that, as part of an internal investigation, he was asked to give false testimony against Diaz in violation of New Jersey's Conscientious Employee Protection Act. Bordamonte does not challenge the District Court's grant of summary judgment as to this claim in his opening brief.

the City, Blanco, Guzman, Danna, Lora, as well as Gary Schaer, a member of the City Council, and Carlos Figueroa, a Lieutenant in the Police Department, under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, for violating his First Amendment rights. The District Court granted summary judgment in favor of the Defendants and dismissed the lawsuit with prejudice. Bordamonte appeals to us.

## II.

Our review on appeal is plenary, which means we review the motions for summary judgment anew, applying the same standard as the District Court. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate if, after viewing the underlying facts "in the light most favorable to [Bordamonte]," *id.* (internal quotation marks omitted), "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We agree with the District Court that Bordamonte failed to identify genuine issues for trial that would allow a jury to render a verdict in his favor. "To establish a First Amendment retaliation claim, a public employee must show that (1) his speech is protected by the First Amendment and (2) the speech was a substantial or motivating factor in the alleged retaliatory action, which, if both are proved, shifts the burden to the employer to prove that (3) the same action would have been taken even if the speech had not occurred." *Munroe v. Cent. Bucks Sch. Dist.*, 805 F.3d 454, 466 (3d Cir. 2015) (internal quotation marks omitted).

Here, Bordamonte failed to show that his support for Diaz was a substantial or motivating factor in his alleged mistreatment at work. The dissolution of the QOL Unit cannot be traced to Bordamonte's political speech or association. Indeed, the entire Unit was dissolved and he was not singled out, making it unlikely that it was his particular political activity that triggered the dissolution. In fact, the record is clear that there are several other possible causes—unrelated to Bordamonte's political activity—for the Unit's dissolution and his reassignment. Importantly, Guzman and the Prosecutor's Office both expressed concern about the QOL Unit's tactics. Indeed "the Prosecutor's Office recommended [its] dissolution." Further, contrary to Bordamonte's belief that he is the "Michael Jordan" of police officers, App. at 255, he had a troubled relationship with the community he served, having been caught on video telling minority residents that he is "gonna have immigration pick everybody up so they can cross back to the fucking border in Puebla or wherever the fuck [they] came from," App. at 287; *cf. State v. Camey*, 217 A.3d 106, 119–20 (N.J. 2019) (the New Jersey Supreme Court criticizing Bordamonte's failure to obtain a search warrant in a 2013 investigation). And finally, although Bordamonte complained that Danna interfered with his use of vacation days, it is not apparent what adversity that caused at all because he was able to use all his vacation days while under Danna's command.

In sum, we agree with the District Court that Bordamonte's belief he was retaliated against due to his support of a political candidate "never [rose] above speculation." App. at 8. On appeal, Bordamonte continues to grasp at straws, pointing to internal inconsistencies in the defendants' testimony about the political drama that

4

embroiled the City.  But none of these arguments touch the issue at hand—whether Bordamonte's support for Diaz was a substantial or motivating factor in his alleged mistreatment at work.[2]  We thus hold that Bordamonte failed to establish this required element of causation.

*   *   *   *   *

Accordingly, we affirm the District Court's decision to grant summary judgment in favor of the defendants.

---

[2] Bordamonte also challenges the District Court's refusal to accept certifications from him and Diaz.  We see no error with the Court's decision.  It struck the certifications because the signature pages did not comply with court rules.  Although Bordamonte was given an opportunity to fix the error, he re-filed the same certifications.  App. at 7, n.2. The Court thus concluded these certifications were both "untimely and improper," but in any event they did "not contain facts establishing genuine issues of material fact."  *Id.* Moreover, the Court also concluded that the rejected certifications did "not contain facts establishing genuine issues of material fact;" so even if they had been accepted, it would not have changed the disposition of this case.  *Id.*